UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA       :   09-CR-405

        -against-                  US District Court
                                   Central Islip, NY
FREDERICK CELANI,
              Defendant.       :   June 22, 2012
- - - - - - - - - - - - - - - X   12:05 pm

        TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE ARTHUR D. SPATT
        UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:
                              BENTON J. CAMPBELL
                              United States Attorney
                              One Pierrepont Plaza
                              Brooklyn, New York 11201
                              By:  RICHARD LUNGER, ESQ.
                              United States Attorney

For the Defense:              JAMES NEVILLE, ESQ.
                              ROBERT LaRUSSO, ESQ.




Court Reporter:               Dominick M. Tursi, CM, CSR
                              US District Courthouse
                              1180 Federal Plaza
                              Central Islip, New York 11722
                              (631) 712-6108  Fax:  712-6124
                              DomTursi@email.com




           Proceedings recorded by mechanical stenography.
                     Transcript produced by CAT.

1  (Call to Order of the Court. Appearances stated
2  as indicated above.).
3  THE COURT: Good afternoon to the battery of
4  lawyers.
5  What is happening Mr. Lunger?
6  MR. LaRUSSO: Your Honor, I know the last couple
7  of appearances we usually came up front so that
8  Mr. Celani, who is a little hard of hearing, can have more
9  of a participation in what is happening.
10 With your permission, may we come up?
11 THE COURT: Yes.
12 MR. LaRUSSO: Thank you.
13 May I use the seat for Mr. Celani?
14 THE COURT: Yes.
15 How long are you feeling, Mr. Celani?
16 THE DEFENDANT: Much better, your Honor. They
17 did the procedure in the eye and I got about half the
18 sight back, so that is pretty good.
19 And the kidney stone passed so I'm pretty good;
20 ready to play ball.
21 THE COURT: Glad to hear it.
22 THE DEFENDANT: I want to express to the court
23 my deep gratitude for your assistance in helping me with
24 the medical issues.
25 THE COURT: That is okay. You are entitled to

1  that. This has nothing whatsoever to do with the merits
2  of the proceeding before me, but your health is what that
3  is all about.
4          MR. LaRUSSO: Your Honor, if Mr. Lunger permits
5  me?
6          MR. LUNGER: Fine.
7          MR. LaRUSSO: We have been in discussion, Judge,
8  so a lot of what I am going to say, Mr. Lunger is already
9  aware of.
10         The court ordered a competency exam some months
11 ago. Dr. Mills has completed his examinations and has
12 prepared a report.
13         I got back to my office late from Brooklyn. I
14 didn't get a chance to look at it until 8 o'clock last
15 night. Dr. Mills might have misunderstood the purpose of
16 the order; that is, the court directed the examination
17 based upon the government's application. Mr. Mills wrote
18 the report to me as if I was making the request for him to
19 do the competency exam.
20         So I could contact Mr. Mills to ask him to
21 basically rewrite the initial portion so that he is
22 responding to the court's order rather than responding to
23 a request from me. Or, if the court wishes, I can hand it
24 up to the court with that qualification. I would probably
25 prefer the former, your Honor, in case in the future this

1  ever becomes an issue. Then the report will properly
2  reflect the proceedings rather than somebody looking at it
3  and says: It is addressed to Mr. LaRusso; why is it
4  being addressed to him?
5        So my suggestion is, we use a brief adjournment
6  just to ask Dr. Mills to rewrite it to that extent.
7        THE COURT: Have you shown the report to
8  counsel?
9        MR. LaRUSSO: I just have copies here.
10       MR. LUNGER: I have no objection to what Mr.
11 LaRusso is proposing.
12       THE COURT: We will re-form the report.
13       MR. LaRUSSO: I can hand one up to the court and
14 give copies to Mr. Lunger and Mr. Neville and then I will
15 ask that he redo it.
16       May I, your Honor?
17       THE COURT: Yes.
18       MR. LaRUSSO: Your Honor, considering the
19 sensitive nature of the information in this report, may I
20 ask that it not be filed electronically on the docket
21 history?
22       THE COURT: Yes. That request is granted.
23       MR. LaRUSSO: One other matter, just to
24 basically sum up the five pages, your Honor.
25       Dr. Mills finds Mr. Celani competent to proceed

5

1  and assist in his own defense.

2  　　　　　I have spoken to, Mr. Celani will be reviewing
3  the report, but for all intents and purposes, judge, there
4  is going to be no contest from our point of view.  I
5  believe we can put that behind us and move forward.

6  　　　　　And in that regard --

7  　　　　　THE COURT:  When are we going to try this case?

8  　　　　　MR. LaRUSSO:  In that regard, judge, I have an
9  application on behalf of my client.

10 　　　　　Mr.  Neville has spent many years working on
11 this case for Mr. Celani.  And I don't know the full
12 history of it.  I have read many of the -- many records of
13 the prior proceedings.  There have been times Mr. Celani
14 has expressed displeasure with the representation.

15 　　　　　Without going into the history of that, my
16 client has respectfully asked that the court remove
17 Mr. Neville because of irreconcilable differences that
18 have arisen over time.  He wants to proceed with myself
19 and hopefully, with the court's permission, another
20 attorney from the CJA panel.

21 　　　　　And I was --

22 　　　　　THE COURT:  No.  There is not going to be any
23 other attorney from the CJA panel other than Mr. Neville.
24 If he wants another attorney, it is Mr. Neville.  No other
25 attorney.  Is that clear?

1  MR. LaRUSSO: Judge, it is crystal clear. I
2  know --
3  THE COURT: I don't know what problem he had
4  with Mr. Neville, who did a superb job of representing
5  him, as you are doing, Mr. LaRusso.
6  MR. LaRUSSO: I understand the history of this,
7  judge. And Mr. Celani I'm sure is competent to discuss
8  this with you. But one of the most difficult aspects of
9  representing an individual is if you lose the faith and
10 trust of your client and you likewise have difficulties in
11 communicating and properly evaluating where you are going,
12 you have really put a major stumbling block toward not
13 only preparation but the actual presentation of the
14 evidence by way of motions and by way of trial.
15 And I really don't fault either party. And I'm
16 not doing that, judge, standing up here and blaming
17 Mr. Neville or blaming Mr. Celani. But because of the
18 sensitive nature of this case, because of the complexity
19 of this case; I have been involved in a lot of cases,
20 Judge; this one has a lot of twists and turns. It is
21 going to take some time for me to get in it. And I have
22 even addressed this with the court, looking at Mr. Neville
23 as a tremendous resource to bring me up to date on all of
24 the matters that have gone on before.
25 But the problem that I see, judge, is with this

1  kind of tension that you really can't put aside.
2  Mr. Celani is not asking the court to find Mr. Neville
3  incompetent to in any way impinge his credibility or his
4  professional.  It is just that he is fighting for his life
5  at this point in time.  He knows, and he is a smart enough
6  man to know, what has to be done.  And he is asking the
7  court to just consider the possibility that he would like
8  a team of lawyers, people who can work together and
9  unifyingly (sic) put this case together for the court so
10 that this can happen, Judge, we can set a motion schedule,
11 we can set a trial date, and there will be no ifs, ands,
12 or buts that we will abide by that.  I think that is what
13 this application is, judge.  It really isn't done in any
14 way to reflect adversely on Mr. Neville.
15         So with the court's permission, I would ask you
16 to just to reconsider that application and the court's
17 decision.  He is 63 years old.  I will be honest with you,
18 judge, I see this as his fight for his life because if he
19 gets convicted, with his prior record he is going to be
20 going away for a long time.
21         THE COURT:  What is so old about 63 years old,
22 Mr. LaRusso?
23         MR. NEVILLE:  Judge, I'm 66.  I'm nowhere near.
24 I didn't mean to ask the court to draw that conclusion.
25         No.  I think 63 or 66 is probably the right age

1  to evaluate a case like this and aggressively pursue it.
2  I did not want the court to draw that kind of an
3  inference.  Please.  But it is my earlier presentation,
4  judge, in terms of where Mr. Celani is right now.
5        What we would like to do in terms of making sure
6  that this case doesn't drag on indefinitely; and I will be
7  honest with you, judge; I have asked around; I know a very
8  qualified lawyer who I have known for almost 30 years,
9  Mr. Ephram Savitt.  He is more than willing to come on.
10       I have explained to him the intricacies of this
11 case.  He seems excited about it.  I can't tell you how
12 competent he is in terms of his preparation and his trial
13 abilities.  He is not one to be long winded like I tend
14 sometimes to be.  He is direct and to the point.
15       I just ask the court to reconsider.
16       THE COURT:  I'm going to reconsider.  I tell you
17 right now, you are perfectly able to handle this case.
18 This case is no different from any type of fraud case that
19 is somewhat complex.  You need assistance?  I will give
20 you assistance as far as a paralegal or things like that,
21 an investigator.
22       But as far as having another lawyer, there is no
23 need for another lawyer.  You are going to handle it,
24 yourself.  Or, if you want to keep Mr. Neville on, I have
25 already said he could be on it so I would not withdraw

Dominick M. Tursi, CM, CSR
Official US District Court Reporter

1  that.  Otherwise, I'm not appointing another lawyer.  You
2  are perfectly able to handle this case.
3         MR. NEVILLE:  Judge, I appreciate it.  In most
4  cases I would probably not respond in any negative way.
5  But my time spent so far on this case sees it as having
6  two parts to it.  One is the allegations the government
7  makes.  And there are two fraud cases; actually, two
8  different schemes to defraud involving a great many,
9  number of witnesses, both nonconspiratorial witnesses as
10 well as conspiratorial witnesses, that have to be
11 contacted or at least efforts made to contact them.
12        Another part is Mr. Celani's defense.  And I
13 think Mr. Neville is probably in a better position to
14 address them than I.  I'm only just learning about them.
15 I'm just putting my feet into it.  Mr. Neville has spent
16 probably a good part of a year, two years, tracking down
17 leads, dead ends, making some headway.
18        It is totally separate and apart from the
19 allegations in the indictment.  It is the agency defense
20 that Mr. Celani has raised over the course of a number of
21 appearances.  And it is not a very easy matter to, one,
22 understand, and it certainly is not an easy matter to
23 rally grapple with and come to a conclusion as to whether
24 it is viable, how to defend it.
25        This is a very different case than I have been

1  presented with in many cases.  Is not just a straight
2  fraud case.  It is a case involving a defense that may
3  require more time getting to investigate and prepare than
4  the case, itself.
5              And, quite frankly, judge, that is the
6  conclusion I have drawn over the last couple of months in
7  the time that I have put into this case.
8              So I appreciate the court's recognition that I
9  should be able to handle the fraud aspect of the case, but
10 there is an aspect to this case that presents a problem.
11 That is why I asked for the lawyer.
12             What I was hoping to be able to do is say to the
13 court we will be ready for trial.  Pick a date in
14 February.  Because I have spoken to Mr. Lunger and he
15 thinks that is a reasonable date to set.  Set motion
16 schedules, abide by that motion schedule and go to trial,
17 and that will be it.
18             And I'm just saying to the court that were it a
19 different situation I probably wouldn't prolong this.  But
20 again, I ask the court to consider those unusual
21 circumstances here.
22             THE COURT:  I don't think anything is so
23 unusual.  We now know in the law these very complicated
24 cases that are springing up now, these insider trader
25 cases, for example.  This one is simple compared to those.

11

1  I'm not saying it is a simple case. It is a
2  difficult case. And I have every faith in your ability to
3  handle it. I think it would be helpful if we kept your
4  colleague with you in the case. If Mr. Celani would agree
5  to that, I would leave both of you in, Mr. Neville and
6  yourself. And I think that is what I should do. But for
7  me to now appoint another lawyer, no, I'm not going to do
8  that.
9            You can have all the assistance you need to look
10 over the documents. Paralegals, investigators, and so
11 forth. And I will approve it. But not another lawyer,
12 other than Mr. Neville.
13           So do you want to make a decision on that?
14           MR. NEVILLE: I will confer with Mr. Celani,
15 judge, before I make a decision. That is not one that I
16 would make on my own, your Honor.
17           THE COURT: My own opinion is that he should
18 leave Mr. Neville in the case. Mr. Neville has done a lot
19 of work, and I'm going to leave him in for that reason,
20 but not another lawyer. There is no need for another
21 lawyer.
22           I have not asked you for your opinion,
23 Mr. Lunger.
24           MR. LUNGER: We respect the judge's decision on
25 this.

1  (There was a pause in the proceedings.)

2  MR. LaRUSSO: I was attempting to avoid any
3  specific incidents that have led to a breakdown of the
4  relationship. Mr. Celani had agreed that we were
5  hopefully avoiding this. But one incident that
6  occurred --

7  THE COURT: I don't want to get into incidents.

8  MR. LaRUSSO: But it just shows you the
9  impossibility of proceeding.

10  THE COURT: He does not want Mr. Neville in the
11  case?

12  MR. LaRUSSO: I believe that is correct, judge.

13  THE COURT: So we are going to allow
14  Mr. Neville to withdraw.

15  Mr. Neville, thank you very much. We appreciate
16  your herculean efforts in this case. Truly.

17  MR. NEVILLE: Thank you, your Honor. And, as
18  always, it is a pleasure to be in this honorable court.

19  THE COURT: We look forward to seeing you in
20  the future.

21  MR. NEVILLE: I trust I will be back here again
22  on another case. Thank you.

23  THE COURT: You are permitted to withdraw.

24  MR. NEVILLE: Thank you, your Honor. Take care.

25  THE COURT: Okay.

1  MR. LaRUSSO: Your Honor, I'm not going to
2  request the court to revisit its prior decision. But with
3  the time available to me in the next couple of months I'm
4  going to be delving into both aspects, both the charges as
5  well as the defense that we hope to put forth.
6  I still think there may be a request for
7  assistance that the court may, if I can factually
8  demonstrate it to you, why I just ask the court to keep an
9  open mind so that I may be able to make another request.
10  That is all I'm asking, judge, at this point.
11  THE COURT: I should hope I keep an open mind.
12  MR. LaRUSSO: You do.
13  MR. LUNGER: And I don't know, your Honor, if
14  the court recalls this. There is a paralegal and
15  investigator the case already that the court --
16  THE COURT: I know I signed off on it.
17  MR. LUNGER: And the paralegal, the person doing
18  paralegal work --
19  THE COURT: Tell you what I'm going to do. You
20  put in writing why I should appoint another lawyer.
21  Include any cases that you have that might support you.
22  Okay?
23  MR. LaRUSSO: That is fair. Thank you.
24  THE COURT: Do it within the next five days.
25  MR. LaRUSSO: I'm writing an appellate brief due

1 next Friday.  Can I have two weeks, judge?

2        THE COURT:  Within the next ten days.

3        MR. LaRUSSO:  Thank you very much.

4        MR. LUNGER:  Your Honor, just so the record is

5 clear, there is another --

6        THE COURT:  Put in writing why I should appoint

7 another lawyer.  Okay?  If you have any cases, put them

8 in.

9        MR. LaRUSSO:  I will, judge.

10        Just so that you understand.  I'm actually

11 looking at you how this trial is going to go down and that

12 is the focus that I have.  But I understand the court's

13 position.

14        MR. LUNGER:  Your Honor, just so the record is

15 clear.  There is another lawyer on this case.  I'm told he

16 is performing paralegal work and he is being paid at a

17 paralegal rate.  However, he is an attorney.  His name is

18 Andrew Oliveras.

19        MR. LaRUSSO:  Correct.

20        MR. LUNGER:  So he is an admitted attorney

21 assigned to this case, being paid at a paralegal rate.

22 I'm told that he is doing paralegal duties.

23        But I want the record to reflect that there is

24 also an investigator assigned to the case whose escapes me

25 right now.

Official US District Court Reporter

1  MR. LaRUSSO: Mr. Dwyer.

2  MR. LUNGER: So again I just want the record to
3  be clear on that.

4  MR. LaRUSSO: Judge, unfortunately, there is
5  another side to that record. Mr. Oliveras is a recently
6  admitted attorney. I believe he has only been out for a
7  couple of years. This kind of case is well beyond his
8  capabilities. He could never provide me with the kind of
9  help and assistance that I need to prepare the motions and
10 to definitely prepare this kind of complex case and then
11 actually conduct the inquiries of the witnesses on direct
12 and cross.

13 I understand Mr. Lunger's position: He is an
14 attorney. That is why he is not acting in that capacity.
15 He doesn't have that experience, Judge.

16 THE COURT: Mr. LaRusso, you can because you do
17 have the experience. You have the experience on both
18 sides of the bar. And I have full confidence that you can
19 handle it.

20 However, I told you, send me a letter with the
21 reasons and any citations and I will be glad to look at
22 it.

23 MR. LaRUSSO: I appreciate that.

24 THE COURT: I will keep an open mind until then.

25 MR. LaRUSSO: Thank you.

1           THE COURT: When are we going to put this on
2 for?
3           MR. LaRUSSO: We were talking about next year,
4 your Honor. January, February, March.
5           I know my client thinks I need -- now I
6 certainly need the extra time. I know Mr. Lunger would
7 like to do it sooner but with your permission --
8           THE COURT: Next year is the next time? Why
9 next year?
10          MR. LaRUSSO: Judge, I can't tell you how many
11 witnesses have to be interviewed before we even know what
12 our defense is going to be. I have just scratched the
13 surface of the agency defense.
14          One of the most uncomfortable aspects of talking
15 to my client is not knowing all the facts. I need to get
16 up to par on that. And that doesn't even touch the
17 preparation for the defense of the fraud charges.
18          THE COURT: I am definitely not putting this
19 case over until next year.
20          We are going to put this on for September as a
21 control date to see how things are going. By that time I
22 will have made the decision about whether you are going to
23 get another lawyer or not.
24          And I would advise you and your client to start
25 preparing for trial. Start preparing for trial.

1     MR. LaRUSSO:  Judge, the intricacies of a
2 private practice require me to attend to other matters.
3 I'm going to be on trial.  Right now I'm scheduled to
4 start a trial in early September up in the federal court
5 in White Plains.  I don't know the actual date.  We won't
6 know that until I believe it is Tuesday.  This is the
7 other problem.  I can't spend all the time on just one
8 case.  So I'm projecting out my schedule and being able to
9 accommodate Mr. Celani.
10     So I'm not asking, Judge, for an inordinate
11 time.  Mr. Celani is willing to waive that time.  I mean,
12 I just want to make sure the case is properly prepared.
13 That is all.
14     THE COURT:  I am fully aware about the calendar
15 of a busy trial lawyer, since I was one for 25 years and I
16 went from one trial to the other, Mr. LaRusso.  Not that I
17 want to put myself into this picture, I don't.  But I'm
18 fully aware of what you are doing and understand that and
19 that is one of the reasons I want you in the case.
20     MR. LaRUSSO:  My background is hurting me.  Yes.
21     A control date in September is fine, judge.  I
22 can give you a report and factually make a presentation.
23     THE COURT:  In September we will go into it and
24 see what is happening.
25     MR. LaRUSSO:  Again, that is fair.

1          MR. LUNGER:  That is fair, your Honor.

2          I have been speaking to Mr. LaRusso about a
3  possible trial date.  Mr. LaRusso is correct, the
4  government wants a date sooner rather than later.
5  Initially we were talking about setting a date in January.
6  Mr. LaRusso has another trial scheduled for January.

7          MR. LaRUSSO:  Not firm.

8          MR. LUNGER:  That is not firm.

9          MR. LaRUSSO:  It is not firm?

10         MR. LUNGER:  If the court wants to schedule a
11  trial date right now in January, the government would have
12  absolutely no objection to that.

13         THE COURT:  Maybe I ought to do that,
14  Mr. LaRusso.  That will give us a target time when
15  everybody will have to get ready.

16         In September if you want a motion schedule we
17  will set it then.

18         MR. LaRUSSO:  I would prefer the status, judge,
19  because that will give me July and August to be able to
20  try and evaluate the case, both aspects of the case, and
21  properly report to the court after I have considered my
22  own other commitments and then we can set a trial date.  I
23  would prefer the September status date.

24         THE COURT:  I intend, with reasonable certainty,
25  to set a trial date in September at the September status.

1  MR. LaRUSSO: I think we can do that. I should
2  have a better handle on how many witnesses, how much work
3  has to be done, and hopefully present it properly to the
4  court so we can set a reasonable trial date.
5  THE COURT: What date?
6  THE COURTROOM DEPUTY: September 28 at 11:30.
7  MR. LaRUSSO: Fine.
8  THE COURT: September 28. Is that all right?
9  MR. LUNGER: Very good, your Honor. Thank you,
10 Mr. LaRusso.
11 MR. LaRUSSO: Fine.
12 THE COURT: Waive speedy trial until then?
13 MR. LaRUSSO: We will.
14 THE COURT: He knows all about waiving speedy
15 trial. He is an expert on it.
16 MR. LaRUSSO: Mr. Celani has signed the waiver
17 of speedy trial form. He is very familiar with it. I
18 asked him if he wanted it read to him again and he said he
19 knows it.
20 THE COURT: He knows it better than I do.
21 Let the record indicate that the defendant, his
22 counsel, and the prosecutor have signed the waiver of
23 speedy trial form. And I am signing an order excluding
24 the time from the operation of the Speedy Trial Act from
25 today, June 22, 2012, to September 28, 2012. I do so

1  under the unique circumstances related to me here, with
2  the consent of the defendant, in the interest of justice,
3  and in the public interest.
4       We will see you on September 28.
5       MR. LUNGER:  Thank you, your Honor.
6       MR. LaRUSSO:  Thank you.
7       THE COURT:  Meanwhile, feel better, Mr. Celani.
8       THE DEFENDANT:  Thank you, your Honor.
9       (Proceedings adjourned at 12:30 pm.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25