```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA      :  09-CR-405

      -against-                  US District Court
                                 Central Islip, NY
FREDERICK CELANI,
                Defendant. :  July 10, 2009
- - - - - - - - - - - - - - - X  10:25 am

      TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE ARTHUR D. SPATT
      UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:
                              BENTON J. CAMPBELL
                              United States Attorney
                              One Pierrepont Plaza
                              Brooklyn, New York 11201
                              By:  RICHARD LUNGER, ESQ.
                              United States Attorney

For the Defense:              TRACEY GAFFEY, ESQ.
                              Federal Defenders




Court Reporter:               Dominick M. Tursi, CM, CSR
                              US District Courthouse
                              1180 Federal Plaza
                              Central Islip, New York 11722
                              (631) 712-6108  Fax:  712-6124
                              DomTursi@email.com




      Proceedings recorded by mechanical stenography.
              Transcript produced by CAT.
```

1         (Call to Order of the Court. Appearances stated
2 as indicted above.)
3         THE COURT: Is this the first appearance of the
4 defendant after indictment?
5         MR. LUNGER: Yes, your Honor.
6         THE COURT: What is happening?
7         MR. LUNGER: What is happening is as follows,
8 your Honor.
9         Last month I provided counsel with a plea
10 agreement. No disposition resulted. I will leave that
11 offer open for a reasonable period of time.
12         In the meantime I have spoken to defense counsel
13 about discovery in this case. The government is going to
14 ask the court to designate this a complex case, primarily
15 because of the amount of documentation and computer media.
16         This case involved, the government is alleging,
17 that a Ponzi scheme was set up and devised and executed by
18 the defendant involving a company recalled Rainmaker which
19 the defendant was the head of. The scheme involved the
20 solicitation of investors, both through the mail and
21 online, to invest in this company, Rainmaker, which
22 purportedly their money would go to the investment
23 assisted living centers, assisted living facilities like
24 nursing homes.
25         Rainmaker had an office in Manhattan where a

1  search warrant was executed back in 2005. As a result of
2  that search warrant, a number of computers were taken and
3  a number of documents were taken.
4      More specifically, I'm told by the FBI that 11
5  hard drives, which have memory of between 120 and 160
6  gigabytes, which I'm told is a lot of memory, taking up
7  hundreds of thousands of books, essentially, if these hard
8  drives had been full of information. We also have
9  approximately 12 boxes of paper records that were taken at
10 that time.
11     The government now is trying to coordinate with
12 defense counsel in terms of how to produce this material.
13 The preliminary discussion I had with Miss Gaffey this
14 morning, Miss Gaffey is going to look into providing the
15 government with blank hard drives so that the government
16 can then make an exact digital image of all the hard
17 drives it took and place it on the blank hard drives that
18 can then be produced to defendant. This is going to take
19 some time.
20     And that is why I believe this case warrants a
21 complexion case designation.
22     THE COURT: Ms. Gaffey?
23     MS. GAFFEY: Your Honor, we don't oppose the
24 designation of the case as a complex case.
25     It appears to me that there is going to be a lot

1  of discovery in this case.  I have to have discussions
2  with my computer administrator about the blank hard drives
3  and other things, so it is going to take some time.
4         We would be requesting a status date sometime in
5  September to advise your Honor where we are in terms of
6  discovery.
7         THE COURT:  Okay.  What date in September, Madam
8  Deputy?
9         THE COURTROOM DEPUTY:  We have 2 o'clock on
10 September 11.
11        THE COURT:  How is that, counsel?
12        MR. LUNGER:  That is fine, your Honor.
13        MS. GAFFEY:  That is fine, your Honor.  Thank
14 you.
15        THE COURT:  Have you advised your client about
16 the speedy trial rule?
17        MS. GAFFEY:  He and I have previously discussed
18 it, along with the possible designation of the case as a
19 complex case also.
20        THE COURT:  You don't oppose that.
21        MS. GAFFEY:  No, we do not.
22        THE COURT:  So I am designating it as a complex
23 case.  And also I would like to have the defendant waive
24 speedy trial until September 11.
25        Let the record indicate that the defendant, his

1  counsel, and the prosecutor have signed the waiver of
2  speedy trial form.  And I am signing an order excluding
3  from the operating of the Speedy Trial Act between today,
4  July 10, 2009, and September 11, 2009.
5         I do so, No. 1, because this case is now a
6  complex case; No. 2, because the defendant has
7  intentionally and willfully waived the time; and, No. 3,
8  because it is in the public interest for this case to be
9  adjourned to September 11 and to exclude that time from
10 the operating of the act.
11         We will see you September 11 at 2 pm.
12         MS. GAFFEY:  Your Honor, before we adjourn I
13 have two requests to make.
14         One is, I would like to ask your Honor if your
15 Honor would sign a library order for Mr. Celani.  And the
16 proposed order is:
17         Upon the application of Tracey Gaffey on behalf
18 of Frederick Celani, ordered that the Nassau County
19 Correctional Center use reasonable efforts to provide
20 defendant Frederick Celani.
21         In essence, I'm asking that your Honor order the
22 Nassau County Correctional Center to use reasonable
23 efforts to provide defendant Frederick Celani with four
24 hours per day, five days per week, of use and time in the
25 prison library.

Dominick M. Tursi, CM, CSR
Official US District Court Reporter

1          I understand from Mr. Celani that in the Nassau
2  County Correctional Center they now have viewers, I didn't
3  even realize this, viewers where the inmates can view
4  their discovery on computer.  So since there is going to
5  be a lot of computer discovery here, that also Mr. Celani
6  would like to actively participate in his defense.  That
7  is the reason for the proposed order.
8          MR. LUNGER:  No objection, your Honor, if it can
9  be done.
10          THE COURT:  I certainly would sign such an
11  order, if it can be done.  I don't know whether the
12  library staff at the Nassau County Correctional Center
13  would allow four hours of library time.  I'm not sure
14  about that.  But I certainly would sign the order.
15          MS. GAFFEY:  Thank you very much, your Honor.
16          THE COURT:  Are you going to submit it to me?
17          MS. GAFFEY:  I will.
18          The other order that I am requesting is, ever
19  since I was assigned to Mr. Celani's case I have noticed
20  that he has a very difficult time hearing.
21          My second proposed order is that the Nassau
22  County Correctional Center provide him with a hearing aid,
23  because it is obvious to me that he cannot hear well
24  enough and certainly not well enough to participate in his
25  defense.  It has become very, very problematic.

Dominick M. Tursi, CM, CSR
Official US District Court Reporter

Reformatted below

1    THE COURT:  Well, I would say that you should
2 submit an order requesting the Nassau County Correctional
3 Center to have him examined by an ear, nose, and throat
4 doctor.
5    MS. GAFFEY:  It is just the ear, nose, and
6 throat.
7    THE COURT:  In any event that he should be
8 examined, and if that doctor agrees that he needs a
9 hearing aid, that one should be furnished to him.
10    MS. GAFFEY:  Thank you, your Honor.
11    THE COURT:  I don't know whether they will
12 furnish a hearing aid or not.  I'm not sure about that.
13 But I certainly would sign an order requesting them to
14 have him examined by a otolaryngologist, and if that
15 doctor thinks it is necessary, to provide a hearing aid
16 for him.
17    MS. GAFFEY:  Thank you, your Honor.  I will
18 electronically file both proposed orders.
19    THE COURT:  Very well.  Anything else?
20    MR. LUNGER:  No, your Honor.
21    THE COURT:  We will see you on September 11
22    (Proceedings adjourned at 10:35 am.)
23
24
25