```
                                                                        1

                       UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF NEW YORK


    ---------------------------------X
    UNITED STATES OF AMERICA,
                                     :     CR-09-405
                                           (ADS)
         -against-                   :     United States Courthouse
                                           Central Islip, New York
    FREDERICK CELANI,
                                     :     December 7, 2010
                   Defendant.              11:30 a.m.
    ---------------------------------X

                       TRANSCRIPT OF CONFERENCE
                    BEFORE THE HONORABLE ARTHUR D. SPATT
                     UNITED STATES DISTRICT COURT JUDGE


    APPEARANCES:

    For the Government:          LORETTA E. LYNCH, ESQ.
                                 UNITED STATES ATTORNEY
                                    BY: RICHARD LUNGER, AUSA
                                 One Pierrepont Plaza
                                 Brooklyn, New York 11201



    For the Defendant:           JAMES NEVILLE, ESQ.




    Official Court Reporter:    Paul J. Lombardi, RMR, FCRR
    Ph. (631) 712-6106          100 Federal Plaza - Suite 1180
    Fax (631) 712-6122          Central Islip, New York 11722




              Proceedings recorded by mechanical stenography.
                      Transcript produced by CAT.
```

Paul J. Lombardi, RMR, FCRR
US District Court Reporter

2

1 THE CLERK: Criminal cause for conference,
2 United States of America v Frederic Celani.
3 THE COURT: Appearances, please.
4 MR. LUNGER: Good afternoon, your Honor.
5 Richard Lunger for the United States. And I'm
6 joined by Mat Galliata from the FBI.
7 THE COURT: Sorry to keep everybody waiting.
8 MR. NEVILLE: Good afternoon, your Honor.
9 James Neville for Mr. Celani.
10 THE COURT: Okay.
11 This conference was precipitated by another
12 letter that I received from Mr. Celani. I sort of lost
13 track of the letters. I get them pretty regularly.
14 Can you hear me, Mr. Celani?
15 THE DEFENDANT: No.
16 THE COURT: Come on up.
17 You have a hearing aid?
18 THE DEFENDANT: Yes, sir, I have the devices,
19 but I have no batteries.
20 THE COURT: Then come on up.
21 As I was saying, I have communications from
22 Mr. Celani, and one of them, on November 11th, he says
23 that, among other things, quote, communications with
24 Mr. Neville has essentially been useless as I have no
25 stamps and Mr. Neville does not respond to e-mails, end

1 quote.

2 Then November 17th I have another communication
3 from Mr. Celani who said he received a curious and
4 contentious legal visit from James Neville, and he says
5 that Mr. Neville was tired of working on the case, tired
6 of his demands, and, quote, I request you appoint a
7 replacement in the case.

8 There are two other attorneys now on the case
9 that are more than capable to replace Mr. Neville so that
10 the transition will be seamless and prevent needless delay
11 in bringing a stranger up to speed, end quote.

12 First of all, I disagree totally with your view
13 of Mr. Neville. I want to put on the record that
14 Mr. Neville has worked long and hard on your behalf.
15 Mr. Neville is an outstanding criminal defense lawyer, one
16 of the best, and you are very fortunate to have him.
17 That's my view.

18 Now, you say there are two other attorneys on
19 the case. Who are they?

20 THE DEFENDANT: One is named James Branden and
21 the other I can't remember his name.

22 I think it's Oliva or Mr. Ilivera.

23 THE COURT: I remember Mr. Branden, yes, but
24 who's the other one?

25 MR. NEVILLE: If I can state, your Honor, the

4

1 other person is Andrew Oliveras, O-L-I-V-E-R-A-S.
2 　　　　　He is an attorney, but he was engaged to help me
3 in this case at a paralegal pay rate, this being a CJA
4 case, to review the discovery, the extensive discovery
5 that we have been getting from the government.
6 　　　　　THE COURT: As a matter of fact, you submitted
7 forms for me to sign paying somebody, these paralegals
8 correct?
9 　　　　　MR. NEVILLE: Correct, your Honor.
10 　　　　　THE COURT: Mr. Celani, you are certainly not
11 going to represent yourself. That would be very
12 difficult, and dangerous for you. You have to have a
13 lawyer representing you.
14 　　　　　You don't have to legally. Legally it's
15 possible for you to be pro se, but that would be very
16 inadvisable.
17 　　　　　THE DEFENDANT: The way I see it, as I stand
18 here today, I have a right to proceed pro se.
19 　　　　　I filed a motion for it, and if I cannot get
20 Mr. Branden to take over the case, then I wish to proceed
21 pro se.
22 　　　　　THE COURT: You understand that proceeding pro
23 se would prevent you from having the benefit of legal
24 knowledge?
25 　　　　　You would be practically -- it would put you at

1  a great disadvantage.
2           THE DEFENDANT:  I'm well aware of that, your
3  Honor.
4           THE COURT:  Great disadvantage, and I recommend
5  strongly against that.
6           Mr. Neville, how do you feel about this?
7           MR. NEVILLE:  Your Honor, for the record,
8  Mr. Celani and I were engaged in e-mail -- in the ability
9  to return e-mails to one another, and it was Mr. Celani
10 who cut off the e-mails.  So I just wanted to straighten
11 that out for the record.
12          But, yes.  We did have a contentious meeting
13 once a few weeks ago now.  Yes.  I felt particularly human
14 that day and so I spoke from -- more from my gut and my
15 heart than from my head.  I said some unprofessional
16 things.  But I reacted to Mr. Celani who told me that he
17 was very upset with the way the case was going, and how I
18 was conducting things, and that was the cause of my
19 reaction.
20          I do recall saying to Mr. Celani, I have had
21 enough of this, and what I meant was I had enough of
22 Mr. Celani complaining about my work for him.  I did not
23 mean that I had had enough of the case.  I never said that
24 I was tired of working on the case, although the case has
25 been very difficult at times.  I never said that.  But

1 there was something else that I said that was
2 unprofessional, and I take full responsibility for that.
3     I am not seeking to get off the case, if that's
4 what Mr. Celani wants, and if the court goes along with
5 it, that's what will happen.
6     THE COURT:  I did neglect to say that I received
7 a formal motion to substitute assigned counsel.
8     THE DEFENDANT:  That's correct.
9     THE COURT:  Dated November 28, 2010.
10     THE DEFENDANT:  Yes, sir.
11     THE COURT:  That's what I'm here to discuss.
12     THE DEFENDANT:  Yes, sir.
13     THE COURT:  What about Mr. Branden?  What is his
14 background?
15     You think he would want to take on the case?
16     MR. NEVILLE:  I don't know if he wants to, your
17 Honor.
18     I know he's very capable.  He's very able and he
19 certainly is an attorney that could take the case on, I'm
20 sure.  He's a good man and a good attorney.  I did have a
21 discussion with Mr. Branden following this meeting we had
22 with Mr. Celani that we have referred to earlier today.
23     That meeting that I had with Mr. Branden now is
24 probably two weeks past.  I think Mr. Branden said that he
25 had a trial coming up.  I haven't heard from Mr. Branden

1  since that conference that he and I had.
2          And I have a trial, I picked the jury yesterday
3  and this coming Monday I have a trial in front of the
4  Honorable Carol Bagley Amon in Brooklyn, so I'm very busy
5  with that.
6          But Mr. Branden and I had a discussion, I
7  believe it was at the Brooklyn Courthouse, and Mr. Branden
8  said to me that he would go and speak with Mr. Celani and
9  that he would state to Mr. Celani that Mr. Branden and I
10 were a team, and if Mr. Celani didn't want me on the case
11 anymore, then Mr. Branden told me he would tell Mr. Celani
12 that he, Mr. Branden, would not continue with the case.
13         I don't know whether Mr. Branden changed his
14 mind.  I don't know what Mr. Branden's thinking is today.
15 But that was the last that I heard from Mr. Branden.
16         THE COURT:  Well, my view in this matter is that
17 either you are going to stay with the case or Mr. Branden
18 is going to stay with the case.
19         I have heard nothing that would affect my
20 decision to remove you from the case.  Mr. Celani cannot
21 select who he wants to represent him when the government
22 is paying the attorney fee.  You are most experienced in
23 this case.  You know all about this case.  And at this
24 point, I do not intend to remove you from the case,
25 whether you like it or not.

8

1  However, if Mr. Branden wants to take the case,
2  I would consider substituting Mr. Branden for you.
3           THE DEFENDANT:  What about my motion to proceed
4  pro se?
5           Are you denying it?
6           THE COURT:  I'm going to deny it for the time
7  being without prejudice to renewing it.
8           THE DEFENDANT:  Then I'm going to approach the
9  appellate court, because I'm not going to have this man
10 for my lawyer.
11          I refuse to speak with him.  I refuse to be
12 involved with him, and I'm not going to be engaged in any
13 type of vitriol about him, but I'm going to tell you he's
14 not on this case.
15          And if I have to go to the appellate court or do
16 whatever I have to do he's off the case and if Branden
17 doesn't want to be on this case, I don't think the court
18 has the authority to take away my ability to represent
19 myself.  Remove Branden, remove them all.
20          I'll represent myself.
21          THE COURT:  You do whatever you want, go to the
22 appellate court or go anywhere else you have the right to
23 do.
24          Right now I'm denying your motion without
25 prejudice.

9

1 THE DEFENDANT: I won't come to court if he's
2 the lawyer.
3 You won't see me.
4 THE COURT: If you won't come to court, we will
5 either compel you to come to court or if I decide you have
6 given up your right to come to court, we'll let you stay
7 in your cell.
8 THE DEFENDANT: That's fine with me.
9 THE COURT: Right now I'm denying your motion
10 without prejudice.
11 I want to have another conference where
12 Mr. Branden is here, then we'll see. I understand there
13 is another conference on for December 17th.
14 MR. LUNGER: That's correct, your Honor.
15 THE DEFENDANT: And how many more years are we
16 going to wait for this discovery and all these materials
17 that are coming?
18 You realize I'm sitting in a jail cell year
19 after year now and nothing's being done on this case.
20 THE COURT: Mr. Celani, stop.
21 You have no kick coming. You understand that
22 language, Mr. Celani?
23 THE DEFENDANT: That's your opinion, sir.
24 THE COURT: I have had nothing but trouble from
25 you.

10

1        On the 17th, I'm going to have Mr. Branden here,
2   and we'll see.  I may decide to grant your motion at that
3   time.  I want to see what Mr. Branden has to say.
4        You understand, Mr. Celani?
5        THE DEFENDANT:  I understand, sir.
6        THE COURT:  Okay.
7        Where are we as far as waiving speedy trial?
8        MR. LUNGER:  It's been waived until the 17th.
9        THE COURT:  The 17th I'll make a decision at
10  that time.
11       Thanks, very much.
12       MR. LUNGER:  Thank you, your Honor.
13       MR. NEVILLE:  I'd just like to say, your Honor,
14  that to the extent that I was responsible for what went on
15  here today, I apologize.
16       I have nothing but respect for this honorable
17  court and I regret that this has to be discussed at all.
18       THE COURT:  You have respect for the court and
19  so I, I'm sure, does Mr. Celani.
20       We just have a few differences of opinion from
21  time to time, right?
22       THE DEFENDANT:  Yes, sir.
23       THE COURT:  Okay.
24       I like that salute.  That's all right.
25       MR. LUNGER:  Thank you, your Honor.

11

1       MR. NEVILLE: Thank you, your Honor.

2       THE COURT: Okay.

3       (The matter concluded.)

PAUL J. LOMBARDI, CERTIFIED REALTIME REPORTER
Official Court Reporter